```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHANNAN NUSSBAUM,

                  Plaintiff,          MEMORANDUM & ORDER
                                      09-CV-2025(JS)(ETB)
     - against –

SPIDER, INC., and PAUL WHITE,

                  Defendants.
----------------------------------X
PAUL WHITE,

                  Plaintiff,          09-CV-2026(SJF)(AKT)

     - against –

CHANNAN NUSSBAUM,

                  Defendant.
----------------------------------X
```
APPEARANCES:
For Plaintiff:
Channan Nussbaum    Daniel Hirschel, Esq.
                    30 South Central Avenue
                    Valley Stream, NY 11580

For Defendant:
Paul White          Paul White, Pro Se
                    150 Broad Hollow Road, Suite 310
                    Melville, NY 11747

SEYBERT, District Judge:

       Presently pending before the Court is the Complaint of Channan Nussbaum ("Nussbaum" or "Plaintiff"), removed from state court pursuant to 28 U.S.C. § 1446(a), and the Complaint of pro se Plaintiff Paul White ("White" or "Defendant"). Nussbaum's and White's Complaints involve similar claims, and White's Complaint names Nussbaum as a Defendant. In the interests of judicial economy, as set forth in more detail below, the Court ORDERS that

the Clerk of Court consolidate these two cases under the earlier-filed case, docket number 09-CV-2025.

BACKGROUND

On May 21, 2002, Nussbaum filed a Complaint in the Supreme Court of the State of New York, County of Suffolk, against Spider, Inc. ("Spider") and White, alleging various state law claims, including breach of contract. (09-CV-2025, Exhibit A, E.D.N.Y. filed May 13, 2009.) Nussbaum's Complaint maintains that Spider and White did not compensate him for his work as a software developer in accordance with the terms of their written agreement.

On May 13, 2009, White filed a Notice of Removal pursuant to 28 U.S.C. § 1446(a), maintaining that removal is appropriate because the action involves a federal question arising under the United States Copyright Act, 17 U.S.C. § 101. (09-CV-2025, E.D.N.Y. filed May 13, 2009). On the same day, White filed a Complaint as a Plaintiff, pro se, in this Court against Nussbaum, alleging breach of contract and unjust enrichment claims. (09-CV-2026). White contends that Nussbaum breached the parties' written agreement by refusing to repair a software program and by releasing the software program to third parties.

DISCUSSION

Under Rule 42 of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all

matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The trial court has broad discretion to determine whether consolidation is appropriate. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Moreover, a district court can consolidate related cases sua sponte. Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999).

Consolidation is appropriate in order to serve the interests of judicial economy. Jacobs v. Castillo, 09-CV-953, 2009 WL 1203942, at *373 (S.D.N.Y. Apr. 23, 2009) (citing Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Specifically, consolidation of cases with common questions of law or fact is favored to avoid unnecessary costs or delay, Johnson, 899 F.2d at 1284, and to expedite trial and eliminate unnecessary repetition and confusion. Devlin, 175 F.3d at 130 (internal citations omitted). The paramount question, however, is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. Johnson, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999). Where there are several competing

lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second. <u>Id.</u> (internal quotation marks, alterations, and citations omitted); <u>accord</u> <u>Adam v. Jacobs</u>, 950 F.2d 89, 92 (2d Cir. 1991); <u>First City Nat'l Bank & Trust Co. v. Simmons</u>, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. <u>See</u> <u>Adam</u>, 950 F.2d at 92; <u>First City Nat'l Bank & Trust Co.</u>, 878 F.2d at 80; <u>Kellen</u>, 54 F. Supp. 2d at 221.

Here, the two Complaints concern common parties, as well as common questions of law and fact. Both Complaints allege breach of contract claims relating to the written agreement between Nussbaum, White, and Spider. Thus, the Court ORDERS the following: The Clerk of Court shall (1) consolidate the two above captioned cases under the first case filed, docket number 09-CV-2025, and (2) close the case with docket number 09-CV-2026 and direct any further filings in that case to 09-CV-2025. A copy of this Order will be sent to all parties at the addresses listed with the Court.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 24, 2009
Central Islip, New York